**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY EARL CLAYTON,

      Petitioner-Appellant,

v.

UNITED STATES PAROLE
COMMISSION,

      Respondent-Appellee.

No. 96-6189
(D.C. No. CIV-95-1183-C)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO**, Circuit Judge, and **MURPHY**, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant's original petition challenged the validity of an order revoking his parole and committing him to a term of incarceration. The only issues he raises in this appeal are that the district court did not accept his claim the audio tape of the parole revocation hearing was altered, and the court did not order an investigation to determine whether his claim was valid. The district court did, however, listen to the tape and find evidence supporting the factual allegations leading to the revocation. Further, the district court found Appellant's claim of alteration an "unsupported speculation." Our review of the record affirms those findings.

Although Appellant has been vociferous and dogged in his claim, he has not specified what evidence was omitted from the tape or what evidence was falsely included. In short, he has failed to demonstrate how he was harmed. Without such a demonstration, the district court was not bound to pursue Appellant's fanciful notions and order an examination of the tape as he now claims. We can find no error in the holdings of the district court.

**AFFIRMED.**

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge